[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON OBJECTIONS OF DEFENDANT TO REQUESTS FOR LEAVE TO AMEND OF PLAINTIFF AND OF INTERVENING PLAINTIFF
INTRODUCTION
The complaint in this case contains one count, which sounds in negligence. The nub of the complaint is that the plaintiff, a truck driver, was injured when the overhead door in the trailer he was using, which had been installed and serviced by the defendant, malfunctioned. CT Page 16658 The plaintiff's employer has filed an intervening complaint.
On July 2, 2001, at which time this case was assigned for trial during the second week of September 2001, the defendant moved for summary judgment on the ground that any claim of the plaintiff fell exclusively within the umbrella of the Connecticut Product Liability Act, §52-572m, C.G.S., et seq., (CPLA), thereby preempting a negligence claim, and that the three year statute of limitations under CPLA had expired. The court, Munro, J., held that there is a question of fact whether, in regard to the overhead door, the defendant had supplied services or sold a product, so that the court could not conclude, as a matter of law, that the plaintiff's negligence claim was preempted by CPLA. By its memorandum of decision dated August 7, 2001, the court denied the motion for summary judgment.
By request dated September 20, 2001, the plaintiff sought leave to add a second count, based on CPLA, to the complaint. The intervening plaintiff immediately thereafter sought identical leave. The defendant has objected to both requests on the ground that the CPLA claim asserts a new cause of action, so that it does not relate back to the time of service of the original complaint, and that the CPLA statute of limitations has expired. This case is now assigned for trial during the second week of January 2002.
DISCUSSION
 Pleading in the Alternative
The plaintiff is entitled to allege alternative and mutually exclusive causes of action if the facts are disputed, as they are in this case.Danko v. Redway Enterprises, Inc., 254 Conn. 369, 381 (2000). Accordingly, the plaintiff may maintain a count in negligence as well as a count under CPLA, even though those claims are mutually exclusive.
Section 10-60. Connecticut Practice Book
Section 10-60 of the Practice Book provides, in relevant part:
 The judicial authority may restrain . . . amendments so far as may be necessary to compel the parties to join issue in a reasonable time for trial. If the amendment occasions delay in the trial or inconvenience to the other party, the judicial authority may award costs in its discretion in favor of the other party.
CT Page 16659 The defendant claims that permitting the addition of a CPLA claim at this time would be unduly burdensome because the defendant would have to begin, six years after the CPLA claim arose and three years after the statute of limitations made that claim stale, an investigation into the elements of that claim. The defendant's prejudice argument would have more force if the defendant had not deferred asserting, until two and one-half months before trial, its claim, as set forth in its motion for summary judgment, that CPLA preempted the plaintiff's negligence claim.
If, in fact, the defendant incurs expense which might have been avoided had the plaintiff had asserted a CPLA claim earlier, then the defendant may seek redress under § 10-60 of the Practice Book at the appropriate time. The court will not bar the amendment under § 10-60 of the Practice Book.
Relation Back
Section 10-50 of the Practice Book provides that a statute of limitations defense must be specially pleaded. Therefore, in a technical sense, whether the plaintiff's CPLA claim relates back to the service of the original complaint so as to avoid a statute of limitations defense should not be addressed in an objection to a request for leave to amend but rather in an attack on a special defense which alleges that the claim is stale. However, the parties have briefed the issue thoroughly and, with trial rapidly approaching, the parties are best served by a resolution of that issue at this time. Accordingly, the court is proceeding on the issue of relating back as if the amendment had been filed, the defendant had pleaded the statute of limitations by special defense and the plaintiff had moved to strike that special defense.
Our Supreme Court has said that Connecticut courts should take guidance from Rule 15(c) of the Federal Rules of Civil Procedure when deciding whether, for statute of limitations purposes, an amendment relates back.Giglio v. Connecticut Light Power Co., 180 Conn. 230 (1980); Gurliacciv. Mayer, 218 Conn. 531 (1991). Rule 15(c) provides, in relevant part:
 Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.
In Gurliacci, the court noted:
 The policy behind rule 15(c) is that a party, once notified of litigation based upon a particular CT Page 16660 transaction or occurrence, has been provided with all the notice that statutes of limitations are intended to afford . . . Because rule 15 provides that an amendment relates back where the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims, is fully served. (Citations omitted.)
Id., 547-48.
In Sharp v. Mitchell, 209 Conn. 59 (1988), the court addressed the question whether a new count, which was added after the statute of limitations had expired, related back. There the court said:
 In the original complaint . . . the plaintiff's alleged that the defendant . . . intentionally and/or negligently caused the death of the plaintiffs' decedents by ordenng them to enter an underground area, which (he) knew to be without adequate ventilation, contained toxic fumes, lacked oxygen, and lacked property lighting, gauges and other safety equipment. In the later complaint . . . the plaintiff's alleged that the defendants . . . negligently designed, created and constructed an underground storage area without proper ventilation, adequate warnings or adequate gauges. The actionable occurrence in the original complaint is an allegedly negligent act in supervising employees while the actionable occurrence in the . . . later complaints is allegedly negligent design and construction of the underground storage area. These complaints involve two different sets of circumstances and depend on different facts to prove or disprove the allegations of a different basis of liability. The fact that the same defendant is accused of negligence in each complaint and the same injury resulted, i.e., the death of three employees by asphyxiation, does not make any and all bases of liability relate back to an original claim of negligence. The defendants did not have fair notice of the claim of negligent construction and design of the underground storage area when the original complaint merely alleged that (a defendant) was negligent in ordering the employees CT Page 16661 to enter the area.
Id., 73.
From Sharp and Gurliacci the court concludes that the relation back test is not a simple, mechanical determination whether the label which the law applies to the new cause of action is the same label which the law applies to the original count. Rather, the test is whether the original pleading gave fair notice of the subsequent claim, so that the defendant, in defending the subsequent claim, can rely on the evidence and witnesses prepared in regard to the original claim.
As to the issue of fair notice in this case, it is obvious that the defendant was alert to the possibility that the facts alleged in the negligence count could give rise to a CPLA claim, because the defendant raised that issue in its motion for summary judgment.
As to the issues of evidence and witnesses in this case, the substantive allegations of the negligence count and of the proposed CPLA count, all of which relate to alleged faulty design and installation of the overhead door, appear to call for the same evidence, presumably from the same witnesses. The only element of the CPLA claim which was not present in the negligence claim is the allegation that the defendant was a product seller or distributor. However, that issue appears to have been resolved in favor of the plaintiff by the affidavit of Maxwell Stock, chief executive officer of the defendant, which was submitted by the defendant in support of its motion for summary judgment. In that affidavit Mr. Stock states, in regard to the overhead door which is alleged to have injured the plaintiff:
 On May 3, 1995, a little over two months prior to the plaintiff's alleged injury, Eagle sold to Valley (the plaintiff's employer, which is also the intervening plaintiff) a new Whiting Overhead Door for the 1978 Fruchauf, which Eagle also installed on the trailer. Eagle rents, sells, services and repairs trailers, and is also engaged in the business of selling and installing trailer doors such as the Whiting Overhead Door that was sold to Valley. Eagle sold and installed the new Whiting Overhead Door to Valley for the sum of $789.70, including parts, labor and sales tax. See the May 3, 1995 invoice attached hereto as part of Exhibit D. This was a retail sale.
Because the defendant had the kind of notice called for by Gurliacci
and Sharp, and because the evidence and witnesses required to defend the CT Page 16662 CPLA claim will be substantially similar to those required in the defense of the negligence claim, the amendments will be permitted.
CONCLUSION
The defendant's objections to the requests for permission to amend of the plaintiff and of the intervening plaintiff are overruled. If, in the view of any party, those amendments necessitate a continuance of trial, counsel are to consult with each other concerning a scheduling order and then contact the undersigned for the entry
G. Levine, Judge